IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Engineered Inserts & Systems, Inc. | ) Civil Action No.6:24-cv-04453-DCC |
| | ) |
| Plaintiff | ) |
| v. | ) |
| baier & michels GmbH & Co. KG; and | ) |
| baier & michels USA Inc. | ) |
| | ) |
| | ) |
| Defendants | ) |

**PLAINTIFF'S MOTION TO DISREGARD NEW ARGUMENTS RAISED IN REPLY OR ALTERNATIVELY, FOR LEAVE TO FILE SUR-REPLY IN RESPONSE TO DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT**

Plaintiff hereby files this motion requesting that the Court disregard arguments raised by Defendants for the first time in their Reply in Support of its Motion to Dismiss the Amended Complaint (Dkt. 34, "Reply"). Alternatively, if the Court is inclined to consider such arguments, Plaintiff respectfully requests leave to file a sur-reply in response to Defendants' Reply. Counsel conferred via email February 4-5, 2025 and telephone on February 6, 2025 regarding the matters at issue and Defendants object to the instant motion. Plaintiff's proposed sur-reply is attached herewith.

Defendants improperly raised, for the first time in their Reply, arguments and caselaw related to "importation" that were not raised in Defendants' Motion to Dismiss the Amended Complaint ("Motion to Dismiss") (Dkt. 26). However, these arguments could and should have been raised in the initial motion filing. As such, Plaintiff hereby requests that the Court provide no weight to such improperly raised assertions, deny such Motion to Dismiss, and/or alternatively, grant Plaintiff's request for leave to file the attached sur-reply to address Defendants' new arguments that were improperly raised in their Reply. While Plaintiff

1

understands and acknowledges that replies are discouraged by the Local Rules (L.R. 7.07), the policy behind that rule is presumably to prevent movants from introducing new arguments that could have and should have been raised in the initial motion by instead filing an incomplete motion that does not address all issues to only deny the non-movant a fair opportunity to be heard by raising new issues in a reply brief.  For this reason, "[a]n argument raised for the first time in a reply brief or memorandum will not be considered." *Bouchard v. Synchrony Bank*, No. 2:16-cv-1713-PMD, 2016 U.S. Dist. LEXIS 91327, at *7 (D.S.C. July 14, 2016) (citing *United States v. Williams*, 445 F.3d 724, 736 n.6 (4th Cir. 2006)).

Specifically, Plaintiff's Amended Complaint alleged, *inter alia*, that "Defendants have directly infringed one or more claims of the [Patents-in-Suit] pursuant to 35 U.S.C. § 271 et. seq. by making, using, selling, offering for sale, ***importing***, supplying, and/or causing the supply of the infringing b&m-KL Plugs, which infringe one or more claims of the '182 patent, without the authorization of Plaintiff."  (Dkt. 21 at ¶¶39, 54, 66, 78, 89, 100, emphasis added).

Defendant's Motion to Dismiss focused solely on refuting whether Plaintiff had "made", "sold" or "used" to KL-Plugs in the United States, but in addition to failing to adequately refute these allegations, **failed to refute <u>in any way</u> Plaintiff's allegations that the Accused Products had been *<u>imported</u>* into the U.S**.  Instead, Defendants raised, for the first time in its Reply, arguments refuting such importation, and thus such untimely made arguments should be disregarded by the Court as Plaintiff has not been afforded any opportunity to respond to those assertions through no fault of its own.  Notably, the only time the word "import[]" appears in Defendants' Motion to Dismiss is when Defendants quote a May 17, 2024 letter (Dkt. 26-1 Line 6), but no arguments on that term are present.

Furthermore, the caselaw[1] cited by the Defendant in its Reply to refute the allegation of importation argues for the first time that "importation" required an additional element of an "intent to sell".

For these reasons, Plaintiff respectfully requests that the Court disregard these arguments raised by Defendants for the first time in their Reply. Alternatively, if the Court is inclined to consider Defendants' arguments, Plaintiff submits that good cause exists to allow Plaintiff to file a sur-reply. Consequently, Plaintiff hereby requests this Court to deny the Defendants' Motion to Dismiss, to provide no weight to such improperly raised arguments, and/or to grant Plaintiff leave to file a sur-reply in order to address Defendants' untimely and ill-founded assertions.

Pursuant to Local Civ. Rule 7.02 (D.S.C.), Plaintiff's counsel certifies that counsel conferred with Defendants' counsel prior to filing the instant motion and attempted in good faith to resolve the matter contained in the motion and Defendants objected to and reserved the right to oppose this Motion.

Respectfully submitted,

 s/ Jason A. Pittman
Jason Pittman (Fed. Id. 10270)
Dority & Manning, P.A.
P. O. Box 1449
Greenville, SC 29602-1449
Telephone: (864) 271-1592
Facsimile (864) 233-7342
Email: jpittman@dority-manning.com

and

Jonathan Winter (*pro hac vice*)
Thomas Hughes (*pro hac vice*)
Farber LLC
4 Corporate Dr, Ste 287
Shelton, CT 06484
j.winter@farberllc.com
Thomas.hughes@farberllc.com
Tel: (203)285-8356
*Attorneys for Plaintiff*
*Engineered Inserts & Systems, Inc.*

Date: February 7, 2025

---

[1] E.g., *Creo Products Inc. v. Presstek, Inc.* 166 F.Supp.2d 944 (D.Del. 2001), aff'd, 305 F.3d 1337 (Fed. Cir. 2002).

3

## <u>Certificate of Service</u>

The undersigned hereby certifies that the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, and that it is being served on this date on all counsel of record via transmission of Notices of Electronic Filing generated by the CM/ECF system.

*s/ Jason A. Pittman*
Jason A. Pittman (Fed. Id. 10270)
DORITY & MANNING, P.A.
P.O. Box 1449
Greenville, S.C. 29602-1449
Tel: 864-271-1592
Fax: 864-233-7342
jpittman@dority-manning.com