IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Engineered Inserts & Systems Inc., | ) |
| Plaintiff, | ) C/A No. 6:24-cv-04453-DCC |
| v. | ) **OPINION AND ORDER** |
| baier & michels GmbH & Co. KG, and baier & michels USA Inc., | ) |
| Defendants. | ) |

Before the Court is Plaintiff's Motion requesting the Court to disregard new arguments raised by Defendants in their Reply in support of their Motion to Dismiss, or alternatively to allow Plaintiff leave to file a sur-reply in response. ECF No. 36. For the following reasons, Plaintiff's Motion is denied.

On August 14, 2024, Plaintiff filed its Complaint alleging infringement of multiple patents by Defendants. *See* ECF No. 1. On November 22, 2024, Plaintiff filed its Amended Complaint. ECF No. 21. On December 13, 2024, Defendants moved to dismiss the Amended Complaint, arguing in part that Plaintiff had failed to allege enough facts to plausibly state a claim as there was no support for Plaintiff's manufacturing, sale, or use of the product allegedly infringing upon Plaintiff's patent in the United States. ECF No. 26-1 at 18–21. In its response opposing Defendants' Motion to Dismiss, Plaintiff argues, in relevant part, that it sufficiently alleged Defendants made, used, and imported the offending products in the United States. ECF No. 30 at 1, 11–19. Plaintiff places

particular emphasis on Defendants' alleged importation of the offending product in its Response.  *See id.* at 1, 11–14.  In reply, Defendants address Plaintiff's arguments, including importation.  ECF No. 34 at 10–11 Plaintiff subsequently filed this Motion requesting that the Court either disregard Defendants' arguments regarding importation in their Reply or allow Plaintiff to file a sur-reply in response.  ECF No. 36.  Plaintiff contends that because Defendants' Motion to Dismiss focused solely on refuting whether the offending product was made, sold, or used in the United States and did not address the importation of the offending product, Defendants should not be permitted to raise arguments regarding importation for the first time in their Reply.  *Id*. at 2.  Alternatively, Plaintiff requests leave to file a sur-reply to address Defendants' arguments.  *Id.* at 3.

Ordinarily, an argument raised for the first time in a reply brief or memorandum will not be considered.  *Hunt v. Nuth*, 57 F.3d 1327, 1338 (4th Cir. 1995) ("[C]ourts generally will not address new arguments raised in a reply brief because it would be unfair to the [other party] and would risk an improvident or ill-advised opinion on the legal issues raised.").  In such instances, the Court may permit a sur-reply "when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply."  *EEOC v. Freeman,* 961 F.Supp.2d 783, 801 (D. Md.2013) (quoting *Khoury v. Meserve,* 268 F.Supp.2d 600, 605 (D. Md. 2003)) (internal quotation marks omitted).  However, a sur-reply is inappropriate "[w]here the arguments made by [the defendants] in their reply brief are merely responses to new arguments made by [the plaintiffs] in their response." *Id.* (quoting *Aguilar v. LR Coin Laudromat, Inc.,* 2012 WL 1569552, at *2–3 (D. Md. May 2, 2012)) (internal quotation marks omitted). Though Defendants make new arguments in their Reply regarding importation, the arguments respond directly to those

2

Plaintiff makes in its Response.  Defendants do not raise any new arguments prompting the Court to permit a sur-reply.  Furthermore, because Plaintiff raised these issues in its Response, Plaintiff has had ample opportunity to brief the issues and the Court need not disregard Defendants' arguments made in their Reply as a matter of fairness.  Accordingly, Plaintiff's Motion [36] is **DENIED**.

    IT IS SO ORDERED.

                                      s/ Donald C. Coggins, Jr.
                                      United States District Judge

February 14, 2025
Spartanburg, South Carolina